IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VERSATOP SUPPORT SYSTEMS, LLC,

        Plaintiff(s),

v.

GEORGIA EXPO, INC.,

        Defendant(s).

3:15-cv-02030-JE

ORDER

BROWN, Senior Judge.

Magistrate Judge John Jelderks issued Findings and Recommendation (F&R) (#73) on November 21, 2017, in which he recommends the Court deny Defendant Georgia Expo, Inc.'s Motion (#52) for Exceptional Case Determination and Attorneys' Fees, Expenses and Costs. The Magistrate Judge also recommends the Court allow Defendant's Bill of Costs (#53) and award Defendant $1,981.05 in costs. Defendant filed timely Objections to the Findings and Recommendation as to its Motion only. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate

1 - ORDER

Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017).

Defendant seeks recovery of $146,572.00 in attorneys' fees and $5,029.43 in expenses pursuant to the fee-shifting provisions of the Patent Act, 35 U.S.C. § 285, for defense of the patent-infringement claim asserted by Plaintiff. Defendant also seeks fees for defense of the trademark and copyright claims either as part of the work done on the patent claim or, in the alternative,, pursuant to the Lanham Act, 15 U.S.C. § 1117(a), and the Copyright Act, 17 U.S.C. § 505. Defendant objects to the Magistrate Judge's recommendation on the ground that the Magistrate Judge erred by applying a subjective standard instead of the required objective standard when determining Defendant's Motion.

Both the Patent Act and the Lanham Act authorize a district court to award attorneys' fees to the prevailing party in patent litigation if it is an "exceptional case." The Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, held an "exceptional case" within the meaning of the statutes "is simply one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable

manner in which the case was litigated." 134 S. Ct. 1749, 1756 (2014). The Court went on to state: "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

This Court finds the Magistrate Judge cited the proper standard to apply in resolving Defendant's Motion. F&R at 6-8. In his analysis the Magistrate Judge set out the facts of this case and noted:

> Although the Court found VersaTop's evidence was insufficient to support granting either its motion to compel or summary judgment in its favor, I cannot conclude, in light of the totality of the circumstances, that VersaTop has *no* reasonable basis to believe that its claims were worthwhile.

F&R at 9 (emphasis in original). Applying the standard of *Octane,* the Magistrate Judge found:

> Considering the factors and the facts of the case holistically, I cannot conclude that the substantive strength of VersaTop's litigation position rendered this case "exceptional" so as to warrant an award of attorney fees under either the Patent Act or the Lanham Act.

F&R at 9.

Because the Magistrate Judge based his recommendation on "the totality of the circumstances" of this case, this Court concludes the Magistrate Judge properly applied the objective standard. Thus, this Court, after carefully considering Defendant's Objections, concludes they do not provide a basis to

modify the Findings and Recommendation.

The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Jelderks's Findings and Recommendation (#73) and, therefore, **DENIES** Defendant's Motion (#52) for Exceptional Case Determination and Attorneys' Fees, Expenses and Costs. The Court, however, **AWARDS** Defendant $1,981.05 pursuant to its Bill of Costs (#53).

IT IS SO ORDERED.

DATED this 12th day of February, 2018.

_____
ANNA J. BROWN
United States Senior District Judge