IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VERSATOP SUPPORT SYSTEMS, LLC, | 3:15-cv-02030-JE |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| GEORGIA EXPO, INC., | |
| Defendant. | |

**BROWN, Senior Judge.**

This matter comes before the Court pursuant to the Mandate (#86) issued May 28, 2019, by the United States Court of Appeals for the Federal Circuit remanding this matter for further proceedings.

For the reasons that follow, the Court denies Plaintiff Versatop Support System LLC's request for entry of a permanent injunction.

## BACKGROUND

Plaintiff brought this action against Defendant Georgia Expo, Inc., and alleged five claims in its First Amended

1 - OPINION AND ORDER

Complaint: violation of patent law (Ct. I); violation of copyright law (Counts II and III); and violation of trademark law (Counts IV and V). Plaintiff's trademarks at issue are "2.0" and "Pipe & Drape 2.0."

The parties filed cross-motions for summary judgment on all counts.

On February 16, 2017, Magistrate Judge John Jelderks issued Findings and Recommendations (F&R)(#45) and recommended the Court grant Defendant's Cross-Motion on all counts and deny Plaintiff's Motion. On April 13, 2017, this Court adopted the F&R, entered Judgment in favor of Defendant, and dismissed Plaintiff's case with prejudice. On February 12, 2018, the Court subsequently denied Defendant's Motion for extraordinary attorneys' fees.

Plaintiff appealed the Court's dismissal of the case, and Defendant appealed the Court's denial of its request for attorneys' fees.

On appeal the Federal Circuit noted "[o]nly the trademark issue is before us" and addressed only two issues: whether there was a violation of trademark law and whether Defendant was entitled to an award of extraordinary attorneys' fees. On the trademark issue the Federal Circuit found this Court's adoption

of the F&R was erroneous as a matter of law and that there was a violation of the Trademark Act based on Defendant's admitted use of Plaintiff's trademarks.  The Federal Circuit reversed the judgment in favor of Defendant, stated "judgment is entered in favor of Plaintiff," and remanded the case "for any appropriate further proceedings."  The Federal Circuit also denied without opinion Defendant's appeal on the attorneys' fees issue.

Following return of the Mandate Magistrate Judge Jelderks contacted the parties and directed them to confer regarding the form of judgment to be entered in light of the Federal Circuit holding.  When the parties were unable to agree on a form of judgment, Magistrate Judge Jelderks directed the parties to submit their proposed respective forms of judgment and supporting memoranda for the court's consideration.

On October 4, 2019, each party filed a proposed form of judgment and a supporting memorandum.  On October 8, 2019, Plaintiff filed the same papers again, but Plaintiff included additional Declarations that were referenced but not included in their earlier submission.

Although the parties concur the court must now enter judgment in Plaintiff's favor as to Counts IV and V for Trademark Infringement, they disagree as to whether such

judgment should also include injunctive relief.  Plaintiff contends it is entitled to a form of judgment that includes a permanent injunction against Defendant, but Defendant contends entry of a permanent injunction as part of the judgment is not appropriate.

## STANDARDS

The Lanham Act permits a court to grant injunctions "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent further trademark infringement.  15 U.S.C. § 1116.  *See also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006).

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff  must demonstrate (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay v. MercExchange*, 547 U.S. 388, 391 (2006).  The Ninth Circuit has held "actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark-infringement action," and it may not be presumed.  *Herb Reed Enter., LLD v.*

*Florida Ent. Mgt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013). Irreparable harm may be shown through evidence of the loss of prospective customers, goodwill, or reputation. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001). Conclusory and factually unsupported allegations are insufficient to establish irreparable harm. *Herb*, 736 F.3d at 1250.

## DISCUSSION

In support of its proposed form of judgment that includes a permanent injunction against Defendant, Plaintiff asserts it is entitled to a form of judgment that is "broader than merely an order to not use the exact marks" and the Court should require Defendant to be "permanently enjoined from using [Plaintiff's] Trademarks, or any trademark confusingly similar to [Plaintiff's] Trademarks, in any manner in its online marketing, including in any keywords or in metadata or on its website, packaging, marketing materials, catalogs, and other sales or promotion materials." In particular, Plaintiff argues a permanent injunction is necessary to enjoin Defendant from any future trademark infringement and to prevent product confusion in the public market, including a loss of control over business

reputation, loss of trade, and loss of goodwill.  According to Plaintiff, it has satisfied each of the equitable criteria for entry of an injunction:  (1) it has suffered irreparable injury; (2) remedies at law, including monetary damages, are inadequate to compensate for that injury; (3) in the balance of hardships between the parties, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.  Plaintiff contends the "actual, irreparable harm" it sustained is the "loss of control over its goodwill in its trademarks," and Plaintiff points to evidence that it "sent a letter to customers to combat the damages that [Defendant's] infringement was causing."  Decl. of David Cooper (#96-2), attaching deposition transcripts from Vince Ovist (Ex. 5).

Defendant, in turn, asserts there is not any basis for the Court to enter an injunction in this case.  In particular, Defendant argues a permanent injunction is not automatic and even though Plaintiff prevailed on the merits, Plaintiff has not established any harm let alone irreparable harm.  As evidence of a lack of injury, Defendant points to the fact that Plaintiff did not promptly move for a permanent injunction when the Federal Circuit issued its opinion in April 2019 nor before this Court contacted the parties in July.  Moreover, Defendant

maintains entry of an injunction at this point would "continue this litigation rather than help to put an end to it" because one of Plaintiff's marks ("2.0") is so broad and vague that Plaintiff may seek a contempt finding for even the innocuous use of that term.

This Court notes it did not reach, and, therefore, did not evaluate, the issue of an injunction previously because it ruled in Defendant's favor on the merits. The Court also notes Defendant conceded at summary judgment that it used a picture of Plaintiff's product and referenced Plaintiff's product name in a marketing brochure. Defendant also acknowledged it believed in good faith that the Patent Office was not going to issue Plaintiff's patent at the time it used the materials. Defendant emphasizes it stopped all activity regarding Plaintiff's product when the Patent Office issued a notice of allowance and before the patent was issued. Moreover, the Court notes Plaintiff does not provide any authority for its contention that the mere fact that Plaintiff sent a warning letter to its customers about Defendant's infringement constitutes evidence of irreparable harm. In addition, the record only establishes Plaintiff was concerned about the potential loss of prospective customers, goodwill, and/or reputation, but Plaintiff does not provide any

evidence of actual loss.

Based on this record the Court concludes Plaintiff has not made any showing of irreparable harm and, therefore, Plaintiff fails to meet the standard required for a permanent injunction. Accordingly, the Court concludes Plaintiff is not entitled to a judgment as to its trademark claims against Defendant that includes a permanent injunction.

## CONCLUSION

For these reasons, the Court declines to adopt Plaintiff's form of Judgment.  The Court also declines to enter Defendant's proposed form of Judgment because it is overbroad in that it addresses all claims Plaintiff originally asserted, fails to clarify the status of each of those non-trademark claims, and includes claims not reviewed on appeal.

As noted, the Court previously found in favor of Defendant Georgia Expo, Inc., on cross-motions for summary judgment; dismissed with prejudice the First Amended Complaint filed by Plaintiff Versatop Support Systems, Inc.; and entered Judgment (#51) in favor of Defendant.  Plaintiff, however, pursued its claim on appeal and prevailed.

Accordingly, the Court now **VACATES** its previously entered

8 – OPINION AND ORDER

Judgment (#51) **only as to Counts IV and V for Trademark Infringement** in Plaintiff's First Amended Complaint and enters **JUDGMENT in favor of Plaintiff** and against Defendant on those claims only.  Because the Mandate refers only to the trademark claims, the remainder of Plaintiff's claims (Counts I, II, and III) remain dismissed with prejudice.  Finally, for the reasons previously stated, the Court also **DENIES** Plaintiff's request for a permanent injunction.

    IT IS SO ORDERED.

    DATED this 13th day of November, 2019.

                                      /s/ Anna J. Brown
                                      _____
                                      ANNA J. BROWN
                                      United States Senior District Judge